UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MILES BENTON,<br><br>             Plaintiff,<br><br>       v.<br><br>CLINGMAN,<br><br>             Defendant. | Case No. 2:22-cv-02275-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Bruce Miles Benton is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. The claim in the complaint appears to be barred by the statute of limitations. I will give plaintiff a chance to amend his complaint and to explain why it should still proceed. Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 2, which I will grant.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

1

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in August 2014, while incarcerated at El Dorado County Jail, defendant correctional officer Clingman opened a door in the jail that allowing inmates in general population to mix with inmates in protective custody.[1] ECF No. 1 at 3-4. Plaintiff claims that this led to plaintiff being assaulted by several inmates. *Id.* at 4.

---

[1] Plaintiff states in his complaint that he filed another action relating to this incident, but that he accidentally dismissed that case. *See* ECF No. 1 at 5-7 (citing to case *Benton v. El Dorado Cnty. Sheriff's Dep't*, 2:15-cv-00772-TLN-AC). If plaintiff desires to re-open that case, he must file a motion in that case. Plaintiff is notified that he cannot resume litigation of his prior case in this new case.

2

The statute of limitations in a section 1983 action is derived from the forum state's statute of limitations for personal injury actions. *Usher v. Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987). Under California law, a prisoner serving a term less than life has four years to bring a personal injury action. Cal. Code of Civ. Proc. §§ 335.1, 352.1(a). Plaintiff alleges that the injury at issue in this case occurred in August 2014, more than eight years before this action was filed. Accordingly, it appears that plaintiff's claim is time-barred.[2] However, before recommending that this action be dismissed, I will grant plaintiff leave to amend so that he may explain why this action should still proceed.

I will grant him a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days of the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

---

[2] While generally raised as an affirmative defense, failure to comply with the statute of limitations can be considered at the screening phase if the failure is apparent, and if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

IT IS SO ORDERED.

Dated: __March 27, 2023__  
                                              JEREMY D. PETERSON  
                                              UNITED STATES MAGISTRATE JUDGE