UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MILES BENTON, | Case No. 2:22-cv-02275-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| CLINGMAN, *et al.*, | |
| Defendants. | |

    Plaintiff is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff has filed five motions asking the court to appoint him counsel because the El Dorado County Jail and South Lake Tahoe Jail have provided him with little to no access to a law library.[1] ECF Nos. 16, 17, 18, 19, & 20. Plaintiff also requests an extension of time to file an amended complaint. ECF Nos. 15 & 16. Good cause appearing, that extension is granted.

    Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,

---

[1] Plaintiff is frequently transported between El Dorado County Jail and South Lake Tahoe Jail. *See* ECF Nos. 7, 8, 9, 12, 14, 15, & 17.

1

298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that counsel be appointed because he has challenges accessing the law library.  While I am sympathetic to the difficulties plaintiff may be experiencing, minimal to no access to the law library does not establish exceptional circumstances warranting the appointment of counsel.[2]  Notably, an absence of legal expertise is the norm rather than an exceptional circumstance in pro se civil rights cases.  *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).  Also notably, at this stage of the proceeding, plaintiff is not required to support his amended complaint with case law or legal authority; he simply must supply a short and plain statement of the facts on which his claims are based.  *See* Fed. R. Civ. P. 8(a).  Additionally, I do not find that plaintiff has any issue with filing motions as he has filed several motions in the last two months.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for the appointment of counsel, ECF Nos. 16, 17, 18, 19, & 20, are denied.

2. Plaintiff's motion for an extension of time, ECF Nos. 15 & 16, are granted.

3. Plaintiff is granted forty-five days from the date of this order's entry to file an amended complaint.

---

[2] Although plaintiff's limited to no access to a law library does not warrant the appointment of counsel, it is troubling.  Plaintiff should have access to the library and may show this order to the appropriate officials at both jails to demonstrate that he is engaged in active litigation as a pro se litigant.

IT IS SO ORDERED.

Dated:   July 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE