UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MILES BENTON, | Case No. 2:22-cv-02275-JDP (PC) |
| Plaintiff, | |
| v. | SCREENING ORDER |
| CLINGMAN, | |
| Defendants. | ECF No. 28 |

Plaintiff, an inmate at the El Dorado County Jail, alleges that defendants violated his rights by instituting a policy of harming inmates by using remotely operated security doors to allow their enemies to attack them. ECF No. 28 at 3. The complaint is sufficient to state claims against El Dorado County and defendant Clingman.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.   **Analysis**

Plaintiff alleges that the El Dorado County Jail has an unofficial policy of using remote security doors to harm inmates. ECF No. 28 at 3. Sometime in April 2023, defendant Clingman is alleged to have acted on this policy and opened doors to the pod where plaintiff was, allowing six other inmates to assault him. *Id.* at 7. This unofficial policy, plaintiff alleges, is called "snow time" by the correctional staff who implement it, and is a means of playing "jailhouse politics." *Id.* at 3, 6. These allegations are sufficient to state claims against El Dorado County and defendant Clingman. Plaintiff has also sued an indeterminate number of Doe defendants (at least

one and as many as ten) but fails to adequately allege how each was involved in violating his rights. Plaintiff may either proceed only against El Dorado County and Clingman, or delay serving any defendant and file an amended complaint that explains his allegations against the "Doe" defendants.

Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint, if he chooses to file one, should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from service of this order, plaintiff must either advise the court of his intent either to proceed only against El Dorado County and Clingman or, within that deadline, file an amended complaint. If he chooses the first option, I will direct that service documents be prepared and sent to plaintiff.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   November 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3